Michael Newton (State Bar No. 156225)
**ALSTON + BIRD LLP**
Harwood International Center
2828 North Harwood Street
Eighteenth Floor
Dallas, Texas 75201-2139
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: mike.newton@alston.com

Casondra K. Ruga (State Bar No. 237597)
**ALSTON + BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: casondra.ruga@alston.com

Attorneys for Applicant

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of Nokia Corporation,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery From Qualcomm Incorporated for use in Foreign Proceedings. | Case No.: **'13CV1152 JM  NLS**<br><br>**EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM**<br><br>[Declaration of Casondra K. Ruga; and (Proposed) Order filed concurrently herewith] |

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

LEGAL02/34081835v6

Nokia Corporation (collectively "Nokia"), applies to the Court *ex parte* for an order pursuant to 28 U.S.C. § 1782 granting Nokia leave to obtain targeted discovery from Qualcomm Incorporated ("Qualcomm") for use in foreign litigation. This application is supported by the memorandum of points and authorities below and the Declaration of Casondra K. Ruga ("Ruga Decl.") filed concurrently herewith. Though not required for this *ex parte* application, Nokia has arranged to provide courtesy notice of its application to HTC Corporation, HTC Europe Co. Ltd., and HTC Germany GmbH (collectively "HTC"). (Ruga Decl., ¶17.) The proposed subpoena is attached to this application as Exhibit A.

## I. INTRODUCTION

Nokia is pursuing patent infringement actions against HTC in the United Kingdom and Germany. In support of that litigation, Nokia seeks narrowly tailored discovery from Qualcomm, which supplies HTC with chips at issue in at least one of the two patents asserted in those cases. Specifically, Nokia seeks documents and schematics relating to technical issues and features pertaining to the Qualcomm chips at issue.

Nokia's application for the requested discovery is brought under 28 U.S.C. § 1782, which permits interested parties, such as Nokia, to obtain discovery for use in foreign litigation from companies located within the United States. Nokia's application satisfies Section 1782's three statutory requirements. First, the application is filed in "the district in which [the] person resides" because Qualcomm's headquarters are in San Diego, California. 28 U.S.C. §1782(a). Second, Nokia seeks the discovery "for use in a proceeding in a foreign ... tribunal," specifically in the High Court of Justice in England, United Kingdom and in the Dusseldorf Regional Court, Germany. Third, Nokia is qualified as an "interested person[]" in those foreign proceedings. *See id.; see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants are common example of "interested persons").

Moreover, all factors identified by the Supreme Court to guide a court's

1

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

discretion in analyzing Section 1782 applications favor granting Nokia's request. Specifically, Qualcomm is not a participant in the foreign proceedings, and Section 1782 provides an effective mechanism for obtaining this targeted discovery. In addition, the foreign jurisdictions at issue are receptive to the type of discovery sought by Nokia, the discovery provides key information for the foreign proceeding, and the request is not made to circumvent any limitation on discovery imposed by the foreign courts. Finally, the proposed discovery requests are narrowly tailored and are not unduly intrusive or burdensome. To the extent the documents requested contain confidential business information, Nokia will agree to protect the information from disclosure, as may be appropriate. Accordingly, Nokia respectfully requests that the Court enter an order permitting Nokia to serve the subpoena, attached as Exhibit A to this application.

## II.   FACTUAL BACKGROUND

By this application, Nokia seeks a limited scope of technical documents from Qualcomm relevant to two patents that Nokia asserts against HTC in the United Kingdom and Germany. Those two Nokia Patents are European Patent EP 1 133 831 B1 ("EP 831 patent"), which relates to a transceiver for use in a radio communication system, and European Patent EP 0 998 024 ("EP 024 patent"), which relates to a modulator for use in a radio communication system (collectively, the "Nokia Patents"). (Ruga Decl., ¶ 2). Nokia's infringement allegations in the European actions target HTC products using Qualcomm chips, including but not limited to the HTC Desire HD, HTC Wildfire S, HTC Sensation, HTC Desire S, HTC Desire Z, HTC Incredible S, HTC Flyer, HTC EVO 3D, HTC Rhyme, and HTC One X series, (collectively "Accused Devices"). (Ruga Decl., ¶ 3).

The functionalities accused of infringing at least the EP 831 patent include the functionality of wireless communications chips within HTC's smartphone devices that are manufactured and supplied by Qualcomm. (Ruga Decl., ¶ 4). Qualcomm schematics and technical documents relating to the wireless

communications chips within HTC's smartphones are therefore important to Nokia's infringement actions against HTC in Europe.

Qualcomm is not a party to the actions for which Nokia seeks discovery (*Id.*, ¶ 5), and its principal place of business is located at 5775 Morehouse Drive, San Diego 92121, within the Southern District of California. (*Id.*, ¶ 6). The actions at issue, in Germany and the United Kingdom, each involve at least one of the Nokia Patents:

On May 2, 2012 Nokia filed a patent infringement suit against HTC in the Dusseldorf Regional Court, Germany (hereinafter "Nokia German Action") asserting that certain HTC products infringe the German part of the EP 831 patent. (Ruga Decl., ¶ 7).

On May 17, 2012, HTC filed two patent revocation lawsuits against Nokia in the High Court of Justice in England, United Kingdom alleging invalidity of the EP 831 and EP 024 Patents. (Ruga Decl., ¶ 8). On July 23, 2012, Nokia filed an infringement counteraction asserting that certain HTC products infringe the United Kingdom part of the EP 831 and EP 024 Patents. The revocation actions and infringement counteraction are to be heard together at trial (hereinafter "Nokia English Action"). (Ruga Decl., ¶ 9.)

As of the filing of this application, HTC had not produced the technical documents requested in this application. HTC has stated that HTC is unable to access documents at the requested level of detail and that, despite HTC's requests, Qualcomm has refused to provide the documents. (Ruga Decl., ¶ 10.)

### III. ARGUMENT

#### A. Legal Standard

Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004).

3

Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal .... The order may be made ... upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

The statute may be invoked where: "'(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or 'any interested person." *In re Republic of Ecuador*, 2010 WL 3702427, at *4 (N.D. Cal. Sept. 15, 2010) (quoting *In re Chevron*, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010)); *see also In re Roebers*, 2012 WL 2862122 (N.D. Cal. July 11, 2012).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting section 1782 applications. These factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *see also Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002).

Nokia's *ex parte* application is the appropriate vehicle for seeking the proposed discovery from Qualcomm pursuant to Section 1782. *See e.g., In re Roebers*, 2012 WL 2862122 at *2 (stating "[a]n *ex parte* application is an acceptable

4

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

method for seeking discovery pursuant to §1782."); *see also In re Republic of Ecuador*, 2010 WL 3702427 at *3 ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted ex parte. Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotations and citations omitted); *In re Republic of Ecuador*, 2010 WL 4027740 at *2 (E.D. Cal. Oct. 14, 2010) (stating "*ex parte* application is an acceptable method for seeking discovery" pursuant to §1782). Indeed, this Court previously granted an *ex parte* Section 1782 application filed by Nokia, which sought some of the same types of discovery from Qualcomm in connection with foreign proceedings between Nokia and HTC. *See In re Ex Parte Application of Nokia Corp. and Nokia GmbH.*, 12-cv-2653 BEN (WMC), slip op. (S.D. Cal. Nov. 19, 2012) (Ruga Decl., ¶ 13, Exh. 2).

### B. Nokia Has Met the Statutory Requirements Of Section 1782

Nokia's request for discovery meets each of the three statutory requirements. First, the person from whom discovery is sought, Qualcomm, "resides or is found" in this District because its principal place of business is located within this district at 5775 Morehouse Drive, San Diego, California. 28 U.S.C. § 1782(a); Ruga Decl., ¶ 6, Exh. 1 (excerpt of Qualcomm 2012 10K) at pp. 1-2.

Second, the discovery of technical documents relating to Qualcomm chips is sought for the purpose of establishing, at a minimum, Nokia's infringement claims in the Nokia English Action and Nokia German Action in the High Court of Justice in England, and in the Dusseldorf Regional Court in Germany. *See* 28 U.S.C. §1782(a) (the discovery sought must be used for a "proceeding before a foreign tribunal."); Ruga Decl., ¶¶ 7-12. It is well settled that foreign adjudicative bodies, such as the High Court of Justice in England, United Kingdom and the Dusseldorf Regional Court, Germany, qualify as a "tribunal" for purposes of Section 1782. *See, e.g., In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870

5

F.2d 686, 691 (D.C. Cir. 1989) ("[N]o question that British courts qualify as 'tribunals.'"); *Cryolife, Inc. v. Tenaxis Medical, Inc.*, 2009 WL 88348, at *1, 5 (N.D. Cal. Jan. 13, 2009) (permitting discovery for use in patent infringement suit pending in "Dusseldorf Regional Court in Germany").

Third, as named party in the foreign actions, Nokia qualifies as an "interested party." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among ... the 'interested person[s]' who may invoke § 1782"); see also *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011). Accordingly, Nokia has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C. The Supreme Court's *Intel* Factors Strongly Favor Granting Nokia's Application.

In addition to meeting the statutory requirements under Section 1782, the *Intel* factors identified by the Supreme Court also weigh heavily in favor of the Court exercising its discretion to grant Nokia's request for discovery.

#### 1. Qualcomm Is Not a Party to the Foreign Proceedings.

The first *Intel* factor—whether "the person from whom discovery is sought is a participant in the foreign proceeding"—is satisfied because Qualcomm is not a party to the foreign litigation. See *Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"). Here, the material sought—technical information in Qualcomm's possession—may not be within the foreign tribunals' jurisdictional reach. See *Heraeus Kulzer*, 633 F.3d at 597 (authorizing section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife*, 2009 WL 88348 at *5 (holding that "petitioner need only show that the information" sought under section 1782 "will be useful"). The possibility that the requested discovery might not be available in the

6

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

foreign proceeding further justifies Nokia's request.

### 2. Nokia Seeks Highly Relevant Information That Will Assist the Foreign Courts.

The second factor articulated by the *Intel* Court "take[s] into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceedings involve Nokia's allegations of patent infringement, discovery regarding potentially relevant technical documents and schematics would be critical. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery when proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under section 1782).

Nokia accuses functionalities resident in Qualcomm's chips, which are incorporated into HTC's Accused Devices, of infringing certain patents at issue. As a result of these claims, Nokia seeks discovery relevant to technical issues pertaining to the chips which will enable Nokia to fully investigate and verify infringement in order to properly assert its claims. Moreover, prior cases have recognized the receptiveness of United Kingdom and German courts to the use of discovery obtained through Section 1782. *See e.g., In re Bayer AG*, 146 F.3d 188, 194-96 (3d Cir. 1998); *Heraeus Kulzer*, 633 F.3d at 597; *Cryolife*, 2009 WL 88348, at *8-9.

### 3. No Foreign Discovery Restrictions Bar Nokia's Requested Discovery.

Nokia's Section 1782 application is not an attempt to circumvent foreign proof-gathering restrictions. *Intel*, 542 U.S. at 260-63. "[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782 should a district court refrain from granting the assistance offered by the act."

7

*See In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996); *see also Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (permitting discovery under Section 1782 and observing that court "can simply refuse to consider any evidence that [1782 applicant] gathers by what might be—under French procedures—an unacceptable practice"); *In re Application of Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004) (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States"). Here, Nokia is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section 1782. To the contrary, as noted above, courts have routinely granted applications under Section 1782 for evidence to be used in the foreign courts at issue here. *See also, e.g., Heraeus Kulzer*, 633 F.3d at 597; *United Co. Rusal, PLC v. Trafigura A.G.*, 2011 WL 1045532 (D. Conn. Mar. 16, 2011)(granting movant's request for discovery under 28 U.S.C. § 1782 in order to prosecute pending claims in England, Russia, and St. Kitts/Nevis); *Application of Sarrio S.A. for Assistance Before Foreign Tribunals,* 173 F.R.D. 190, 192 (S.D. Tex. 1995) (granting subpoena under 28 U.S.C. § 1782 to produce documents and give testimony in support of pending proceedings in England and Spain).

### 4. Nokia's Discovery Is Narrowly Tailored to Avoid Undue Burden.

The *Intel* Court finally noted that "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. Here, Nokia's proposed discovery requests are narrowly tailored and are not unduly burdensome. Nokia is requesting document discovery that is targeted to discrete sets of technical documents relating to the accused functionalities in the Qualcomm chips utilized in HTC's Accused Devices.[1] The universe of responsive documents is thus likely to be

---

[1] Nokia has organized the requests in Attachment A to its proposed subpoena into two parts. Part 1 contains requests for technical documents relevant to at least the EP 831 patent, while Part 2 contains requests for technical documents relevant to at least

8

reasonably focused and easily searchable, avoiding any undue burden on Qualcomm.

### D.  Granting Nokia's Section 1782 Request Would Promote Efficient Discovery.

Courts have also considered other evidence bearing on whether the discovery sought accomplishes the goals of the statute, which include "providing efficient means of assistance to participants in international litigation in our federal courts." *Marubeni Am. Corp. v. LBA Y.K*, 335 Fed. App'x. 95, 96 (2d Cir. 2009) (internal quotation omitted). Here, given there are two foreign jurisdictions at issue, Section 1782 provides an effective means for obtaining the discovery sought by Nokia. *See United Co. Rusal, PLC v. Trafigura A.G.*, 2011 WL 1045532 (D. Conn. Mar. 16, 2011) (granting movant's request for discovery under 28 U.S.C. § 1782 in order to prosecute pending claims in England, Russia, and St. Kitts/Nevis); *Application of Sarrio S.A. for Assistance Before Foreign Tribunals,* 173 F.R.D. 190, 192 (S.D. Tex. 1995) (granting subpoena under 28 U.S.C. § 1782 to produce documents and give testimony in support of pending proceedings in England and Spain). Accordingly, the *Intel* factors strongly favor the Court exercising its discretion to grant Nokia's application.

Indeed, courts in this Circuit have routinely permitted discovery under Section 1782, when, as here, the applicant has satisfied the statutory requirements and the above factors weighed in favor of granting relief. *See e.g., In re Ex Parte Application of Nokia Corp. and Nokia GmbH.*, 12-cv-2653 BEN (WMC), slip op. (S.D. Cal. Nov. 19, 2012) (Ruga Decl., ¶ 13, Exh. 2); *In re Ex Parte Apple Inc.*, 12-cv-147 LAB (POR), slip op. (N.D. Cal. Jan. 25, 2012) (Ruga Decl., ¶ 14, Exh. 3); *In re Am. Petroleum Institute*, 11-80008- JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (Ruga Decl., ¶ 15, Exh. 4); *In re Ecuador*, 2010 WL 3702427, at *2; *London*, 279 F. App'x at 513; *Chevron Corp. v. E-Tech Int'l*, 2010 WL 3584520 (S.D. Cal. Sept. 10, 2010); *Govan Brown & Assocs. v. Doe*, 2010 WL 3076295, at *3 (N.D. Cal. Aug. 6,

the EP 024 patent.

9

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

2010); *Mirana v. Battery Tai-Shing Corp.*, No. 08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (Ruga Decl., ¶ 16, Exh. 5).

## IV. CONCLUSION

Nokia seeks narrowly tailored discovery for use in a foreign proceeding. Because Nokia's request satisfies the three statutory requirements of 28 U.S.C. § 1782, and because the *Intel* factors all weigh in favor of granting the application, Nokia respectfully requests that this Court issue an order authorizing the issuance of a subpoena in substantially the same form attached as Exhibit A to this application.

DATED: May 14, 2013

MICHAEL NEWTON
CASONDRA K. RUGA
**ALSTON & BIRD LLP**

/s/ Casondra K. Ruga
Casondra K. Ruga
Attorneys for Applicant
**Nokia Corporation**

10

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| In re Ex Parte Application of Nokia Corporation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Qualcomm, Incorporated, 5775 Morehouse Drive, San Diego, California 92121

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: ALSTON & BIRD LLP c/o Casondra K. Ruga, 333 South Hope Street, 16th Floor, Los Angeles, CA 90071 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/14/2013

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Nokia Corporation___
, who issues or requests this subpoena, are:

Casondra K. Ruga, Esq, Alston & Bird LLP, 333 S. Hope Street, Los Angeles, California 90071; (213) 576-1000; casondra.ruga@alston.com

# ATTACHMENT A
## Definitions and Instructions

1. "Qualcomm," "You," or "Your" means Qualcomm Incorporated and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States, including but not limited to Qualcomm Incorporated.

2. "Nokia" means Nokia Corporation, and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

3. "HTC" means HTC Corporation, and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

4. "RTR6285 Chips" means the following Qualcomm chips:

    a. RTR6285; and

    b. RTR6285A.

5. "HG11-VF535 Chips" means all Qualcomm chips with the Die Marking HG11-VF535-220, including:

    a. QTR8200;

    b. QTR8615;

    c. RTR8600;

    d. QTR8600L;

    e. RTR8605; and

    f. QTR8615L

6. "HG11-NO111 Chips" means all Qualcomm chips with the Die Marking HG11- NO111-200, including:

    a. WTR1605; and

    b. WTR1605L;

7. "Qualcomm Transceiver Chips" means the RTR6285 Chips, the HG11-VF535 Chips and the HG11-NO111 Chips.

8. "Qualcomm Baseband Chips" mean all Qualcomm chips which contain a radio baseband processor and are compatible with any or all of Qualcomm Transceiver Chips.

9. "Transmit Path" means the transmit path in the Qualcomm Transceiver Chips and each of them, to include all components involved in processing a signal to be transmitted (including synthesizers, frequency dividers, filters,

    mixers/modulators/upconverters, buffers and amplifiers) and the connections between them.

10. "And" and "or" should be interpreted either disjunctively or conjunctively, whichever gives the request a broader scope.

11. "DOCUMENT" and/or "THING" has the broadest definition of document under the Federal Rules of Civil Procedure and the cases interpreting those rules, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all nonidentical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

12. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

13. Whenever you claim that any document or thing responsive to any of the numbered requests below is privileged or immune from discovery as work product or unanswerable in full for any reason, you should answer the request to the extent that the document or thing is not withheld on such grounds and provide, within ten (10) days after objections based on privilege to the underlying requests are due, a list providing the number of the particular documents or thing withheld, and the full identification of any withheld document, thing, or portions there of including:

    (1) its date;

    (2) the author(s)/sender(s);

    (3) the recipient(s), including copy recipients(s);

    (4) the general subject matter of the document;

    (5) the specific grounds for not answering in full, including the nature of the privilege (e.g., "attorney-client privilege, work product") or other rule of law relied upon to withhold the document or thing, and the facts supporting those grounds; and

    (6) a certification that all elements of the claimed privilege have been met and not waived with respect to each document.

**Request for Documents and Things**

### PART 1

1. DOCUMENTS sufficient to show the features and functions of the Transmit Paths of the Qualcomm Transceiver Chips to the level of detail of the lowest level of components (*e.g.*, transistors, capacitors, resistors, inductors) and their electrical connections.

2. DOCUMENTS sufficient to show any circuitry on the Qualcomm Transceiver Chips for generating or processing signals to control a circuit or component in the Transmit Paths and the origin of any signals which are inputted to the Qualcomm Transceiver Chips to control a circuit or component in the Transmit Paths, including any such circuitry:

    a) within the Transmit Paths;

    b) between the Transmit Paths and the Qualcomm Baseband Chips;

    c) that controls the operating frequency band of a power amplifier (whether on or off the Qualcomm Transceiver Chips); and

    d) that selects the pass band of any transmitter filter (whether on or off the Qualcomm Transceiver Chips).

### PART 2

3. DOCUMENTS sufficient to show that each of the Qualcomm Transceiver Chips contains a transceiver having a radio frequency upconverter.

4. DOCUMENTS sufficient to show all the features and functions of the Transmit Paths from the baseband input into each of the Qualcomm Transceiver Chips to the output of the radio frequency upconverter of each of the Qualcomm Transceiver Chips to the level of detail of the lowest level of components (*e.g.*, transistors, capacitors, resistors, inductors) and their electrical connections.

5. DOCUMENTS sufficient to show that each of the said radio frequency upconverters of the Qualcomm Transceiver Chips is a direct conversion upconverter.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).